IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03084-RM-KLM

TIM GONZALES,

    Plaintiff,

v.

PHYSICIAN HEALTH PARTNERS, and
UNKNOWN LICENSED MEDICAL DOCTOR, of Physician Health Partners,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to File an Amended Complaint** [#36][1] (the "Motion"). The Motion has been referred to the undersigned for a recommendation. [#10]. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#10] be **DENIED**.[2]

---

[1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, the Court assumes that the issue is dispositive and requires a recommendation.

Plaintiff, who proceeds as an incarcerated pro se litigant,[3] filed this lawsuit on November 14, 2014. *Compl.* [#1]. He asserted a § 1983 Eighth Amendment claim against three Defendants: (1) Physician Health Partners, (2) Unknown Licensed Medical Doctor of Physician Health Partners, and (3) Anthony A. DeCesaro ("DeCesaro"), the step 3 grievance officer for the Colorado Department of Corrections. *Id.* On November 19, 2014, Senior Judge Babcock dismissed the claim against Defendant DeCesaro for lack of personal participation because his "sole involvement stems from his denial of administrative grievances," *Order* [#6] at 3, and the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Id.* at 2 (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Although the Motion [#10] is not phrased or argued as such, it is essentially a motion for reconsideration of Senior Judge Babcock's Order [#6], and the Court construes it in that manner. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."

---

[3] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Plaintiff does not argue that there has been an intervening change in the controlling law or new, previously-unavailable evidence now exists. Rather, the Court broadly understands Plaintiff's argument to be under the third ground for reconsideration, i.e., the need to correct clear error or prevent manifest injustice.

In his requested amendment, Plaintiff expands on the allegations contained in the Complaint in order to clarify the alleged personal involvement of Mr. DeCesaro in connection with Plaintiff's Eighth Amendment claim concerning the denial of timely surgery for a knee injury Plaintiff suffered in 2011. *Motion* [#10] at 2-3. However, in short, Plaintiff still merely asserts that Mr. DeCesaro should have not denied his grievance and, instead, should have performed some affirmative act to correct the alleged constitutional violation of Plaintiff's Eighth Amendment rights. *See id.* Although it is *possible* that Mr. DeCesaro could have done something to correct the alleged violation, his ability to do so does not make him legally responsible in these circumstances. *See Gallagher*, 587 F.3d at 1069. Plaintiff does not allege that Mr. DeCesaro bore any responsibility or connection to the violation of the right about which Plaintiff filed grievances. In other words, the mere fact that Mr. DeCesaro was informed by Plaintiff of his issues through Plaintiff's use of the grievance system and that Mr. DeCesaro denied Plaintiff's grievances does not create the requisite personal participation by Mr. DeCesaro with respect to the Eighth Amendment claim. *Gallagher*, 587 F.3d at 1069. In addition, to the extent that Plaintiff asserts that Mr. DeCesaro failed to follow prison regulations and policies, "[i]t is [Plaintiff's] burden to

establish that the Constitution, not just a policy, is implicated." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (citing *Jolivet v. Cook*, 48 F.3d 1232, at *2 (10th Cir. Mar. 1, 1995) ( "Plaintiff notes that defendants admitted they violated prison policy on use of taser weapons. However, violation of a prison regulation does not give rise to an Eighth Amendment violation absent evidence the prison official's conduct failed to conform to the constitutional standard."). Without more, Plaintiff may not assert this claim against Mr. DeCesaro, as Senior Judge Babcock ruled. *Order* [#6] at 3.

Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#10] be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: March 31, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge