IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03084-RM-KLM

TIM GONZALES,

    Plaintiff,

v.

PHYSICIAN HEALTH PARTNERS, and
UNKNOWN LICENSED MEDICAL DOCTOR, of Physician Health Partners,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Order to Show Cause [#15]. Defendants have not been served with the Complaint [#1][1] in this action and, therefore, are not currently proper parties. Plaintiff, who proceeds as an incarcerated pro se litigant,[2] filed this civil action on November 14, 2014. On November 24, 2015, the United States Marshal was directed to serve a copy of the Complaint on all Defendants in the above-captioned matter. On December 23, 2015, the Summons was returned unexecuted with a notation that

---

[1] "[#1]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Physician Health Partners was not located at the address provided. *Summons* [#12]. No forwarding address was provided. While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Complaint for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). The Order to Show Cause [#15] directed Plaintiff to provide this information. Plaintiff's Response [#17] to the Order to Show Cause includes three addresses at which he believes Defendant Physician Health Partners may be served.

IT IS HEREBY **ORDERED** that the Order to Show Cause [#15] is **DISCHARGED**.

IT IS FURTHER **ORDERED** that, if appropriate, the Clerk shall attempt to obtain a waiver of service from Defendant Physician Health Partners. If unable to do so, the United States Marshal shall serve a copy of the Complaint [#1], summons, and this Order on Defendant Physician Health Partners at the addresses submitted by Plaintiff. *See Declaration to Show Cause* [#17] at 1-2. If appropriate, the Marshal shall first attempt to obtain a waiver of service of these documents pursuant to Fed. R. Civ. P. 4(d). All costs of service shall be advanced by the United States.

IT IS FURTHER **ORDERED** that Defendant Physician Health Partners shall respond to the Complaint as provided for in the Federal Rules of Civil Procedure after service of process.

Dated: April 1, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge