**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-03084-RM-KLM

TIMOTHY GONZALES,

      Plaintiff,

v.

PHYSICIAN HEALTH PARTNERS,
UNKNOWN LICENSED MEDICAL DOCTOR, Physician Health Partners, and
ANTHONY A. DECESARO,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on Magistrate Judge Kristen L. Mix's recommendation ("Recommendation") (ECF No. 22) to deny Plaintiff's motion for leave to file an amended complaint ("Motion") (ECF No. 10).  *Pro se* Plaintiff Timothy Gonzales ("Gonzales") filed an objection to the Recommendation.  (ECF No. 26.)

For the reasons stated below, the Court (1) SUSTAINS Plaintiff's objection; (2) respectfully REJECTS the Recommendation; and (3) GRANTS Plaintiff leave to file an amended complaint by June 9, 2015.

**I.     BACKGROUND**

On November 14, 2014, Plaintiff filed his *pro se* prisoner complaint against Physician Health Partners ("Physician Health"), an unknown licensed medical doctor associated with Physician Health ("Unknown Individual"), and Anthony A. DeCesaro ("DeCesaro").  (ECF No.

1.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendants violated his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment by engaging in deliberate indifference to Plaintiff's medical needs. (ECF No. 1 ¶ 14.)

On November 19, 2014, pursuant to 28 U.S.C. § 1915A, Senior Judge Lewis T. Babcock summarily dismissed Plaintiff's claim against Defendant DeCesaro for lack of personal participation. (ECF No. 6 at 2-3.) Subsequent to that order, the case was then drawn to the undersigned. (ECF No. 7.)

On December 5, 2014, pursuant to Rule 15(a), Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 10.) Plaintiff argued that he would "assert facts to support an arguable claim for relief and in law to support Anthony A. Decesaro's personal involvement in the violation of [his] eight[h] amendment." (ECF No. 10 at 1.) Plaintiff's Motion failed to comply with Local Civil Rule 15.1 because Plaintiff did not "attach as an exhibit a copy of the amended pleading which strikes through (e.g. strikes through) the text to be deleted and underlines (e.g. underlines) the text to be added." (*Compare* ECF No. 10 *with* D. Colo. L. Civ. R. 15.1.)

On March 31, 2015, Magistrate Judge Mix recommended denying Plaintiff's motion for leave to file an amended complaint. (ECF No. 22.) Magistrate Judge Mix stated that although Plaintiff's Motion "is not phrased or agued as such, it is essentially a motion for reconsideration of Senior Babcock's [o]rder[], and [] construe[d] it in that manner." (ECF No. 22 at 2.) Magistrate Judge Mix found that "Plaintiff still merely asserts that [] DeCesaro should not have denied his grievance and, instead, should have performed some affirmative act to correct the alleged constitutional violation of Plaintiff's Eighth Amendment Rights." (ECF No. 22. at 3.)

On April 20, 2015, Plaintiff objected to Magistrate Judge Mix's Recommendation because, as he argues, she erred in construing his motion as one for reconsideration rather than for leave to file an amended complaint. (ECF No. 26 at 1.)

## II.      LEGAL STANDARDS

### A.      *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10-CV-00023-LTB-KMT, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *adopted in* 2010 WL 4449729, at *1 (D. Colo. Nov. 1, 2010).

        **B.**      **Review of the Magistrate Judge's Report and Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**III.**    **ANALYSIS**

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

    (a)    **Amendments Before Trial**.
        (1)    *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
            (A)    21 days after serving it, or
            (B)    if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2)    *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

    (3) *Time to Respond*.  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a).

 Local Civil Rule 8.1 provides, in pertinent part, the following:

 **(b)** **Review of Prisoner Pleadings**.  A judicial officer designated by the Chief Judge shall review the pleadings of a prisoner (whether represented by counsel or not) to determine whether the pleadings should be dismissed summarily if the prisoner is
    (1) proceeding without prepayment of fees;
    (2) challenging prison conditions;
    (3) seeking redress from a governmental entity, officer, or employee; or
    (4) asserting claims pertinent to his or her conviction or sentence, except in death penalty cases.

A judicial officer may request additional facts or documentary evidence necessary to make this determination.

 **(c)** **Assignment**.  If an action is not dismissed summarily, the action shall be assigned to a district judge and a magistrate judge under D.C.COLO.LCivR 40.1.  A judicial officer to whom the action is assigned may order issuance of a summons.

D.C. Colo. L. Civ. R. 8.1(b), (c).

 In this matter, Plaintiff is a prisoner (ECF No. 1 ¶ 1) seeking redress from governmental entities, officers, or employees (ECF No. 1 at 8).  Prior to service of Plaintiff's complaint (*see generally* Dkt.), Senior Judge Babcock initially reviewed Plaintiff's Complaint and summarily dismissed, in part, Plaintiff's claims and ordered the clerk of the Court to draw the action to a presiding judge (ECF No. 6 at 3).  Within twenty-one days of issuance of service of process for Defendant Physician Health (ECF No. 9) and within twenty-one days of Plaintiff's filing his complaint (ECF No. 1), Plaintiff requested leave to amend his Complaint (ECF No. 10).  Plaintiff was not required to do so.  *See* Fed. R. Civ. P. 15(a)(1)(A).  *Arguendo*, assuming Plaintiff required the Court's leave, it is in the "interest of justice" to allow Plaintiff to amend his

Complaint in an attempt to state a claim. *See* Fed. R. Civ. P. 15(a)(2); *see Haines*, 404 U.S. at 520-21; *see also Trackwell*, 472 F.3d at 1243.

With respect to the Recommendation (ECF No. 22), the Court respectfully disagrees with the Recommendation's construing Plaintiff's Motion (ECF No. 10) as one for reconsideration as opposed to one for leave to amend his Complaint. Plaintiff cited to Rule 15(a) in his Motion. (ECF No. 10 at 1.) Although Plaintiff did not comply with Local Civil Rule 15.1 (*see generally* ECF No. 10), Plaintiff did not seek reconsideration of Senior Judge Babcock's order (ECF No. 6) solely based upon the same facts as those before Senior Judge Babcock (*see* ECF No. 10 at 2-3.) Further, upon assignment of the case "to a district judge and a magistrate judge," it is not the Court's role to again consider whether the pleading should be dismissed summarily. *Compare* D.C. Colo. L. Civ. R. 8.1(b) *with* D.C. Colo. L. Civ. R. 8.1(c).

## IV.  CONCLUSION

Based on the foregoing, the Court:

(1)     SUSTAINS Plaintiff's objection (ECF No. 26);

(2)     respectfully REJECTS the Recommendation (ECF No. 22);

(3)     GRANTS Plaintiff leave until June 9, 2015, to file an amended complaint;

(4)     STAYS Defendants' obligation to answer or file a responsive pleading to Plaintiff's Complaint (ECF No. 1);

(5)     ORDERS Defendants to file an answer or responsive pleading in conformity with Rule 15 should Plaintiff file and serve an amended complaint; and

(6)     if Plaintiff fails to file an amended complaint on or before June 9, 2015, ORDERS Defendants to file an answer or responsive pleading on or before June 30, 2015.

DATED this 19th day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge