# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 14-cv-3084-RM-KLM

Timothy Gonzales,

    *Plaintiff*,

    *v.*

Correctional Health Partners, LLC a/k/a Physician Health Partners,
CoreCivic, Inc. f/k/a Corrections Corporation of America, and
Dr. Jennifer Mix,

    *Defendants*.

---

# ORDER

---

This matter is before the Court on Defendants' unopposed motions to restrict public access to documents upon which they rely in support of their arguments for summary judgment. (Restriction Motions, ECF Nos. 191, 194, 196.)[1] In this action, Plaintiff, a prisoner, brings tort and constitutional claims alleging that Defendants were indifferent to his serious medical needs and failed to provide him with adequate medical care related to a knee injury that occurred during his incarceration. (5th Am. Compl., ECF No. 136.) The Restriction Motions all take a similar tack. With little explanation, they argue that the exhibits to be restricted contain Plaintiff's confidential medical records and conclude that the interest in maintaining his privacy outweighs any public interest served by having unrestricted access to them on the record. Defendants have filed the materials at issue under a Level 1 restriction pursuant to D.C.COLO.LCivR 7.2(e).

---

[1]    ECF Nos. 194 and 196, together with the attachments thereto, are identical. Defendant CoreCivic, Inc. filed its restriction motion and exhibits twice.

There is a common law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Nevertheless, the right of access is not absolute." *United States v. Apperson*, 642 F. App'x 892, 899 (10th Cir. 2016) (unpublished). As a result, a court may exercise its discretion to seal judicial records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). "In exercising this discretion, [courts] weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (quotation omitted). The presumption in favor of public access is "particularly strong" when, as here, a district court uses "sealed documents to determine litigants' substantive legal rights." *Apperson*, 642 F. App'x at 899 (quotation and internal quotation omitted). By contrast, when documents "'play only a negligible role in the performance of Article III duties, the weight of presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'" *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (unpublished) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). The party seeking to restrict public access to judicial records has the burden of showing an interest that outweighs the presumption in favor of access. *Helm*, 656 F.3d at 1292.

Under this legal umbrella, the Local Rules of this District require a party moving to restrict access to judicial records to (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (*e.g.*, redaction, summarization, restricted access to portions of exhibits); and

(5) identify the level of restriction sought. D.C.COLO.LCivR 7.2(c). Here, Defendants have identified the documents at issue and specified the restrictions they seek. But while they pay lip-service to the public interest, they offer no thorough analysis explaining how this interest outweighs the public's right to view the material portions of documents upon which the Court's judgment—if entered—may be based. Nor do they show why an alternative to restriction, such as redaction, is impracticable.

The Court does not defer to Defendants' assumption that the public's interest in these records would be minimal, especially considering the use to which these exhibits would be put. In *Riker*, the Tenth Circuit cited with approval the Second Circuit's decision in *Lugosch*, in which the Second Circuit addressed the public's interest in documents attached to a motion for summary judgment and stated: "As to the weight of the presumption given to such documents, *Joy v. North*[, 692 F.2d 880 (2d Cir. 1982),] has already clarified that the presumption is of the highest: documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*." *Lugosch*, 435 F.3d at 123 (citations and quotations omitted, emphasis in original). Contrary to Defendants' statement, and under the law of this circuit, the public presumably has an interest in access to documents filed in support of a motion for summary judgment. *See, e.g.*, *Hill v. Corr. Corp. of Am.*, No. 14-CV-02960-MSK-MJW, 2016 WL 8925432 (D. Colo. June 20, 2016), *aff'd*, 685 F. App'x 665 (10th Cir. 2017).

The Court's review of the documents at issue here reveals that they contain little-to-no sensitive information, especially given that Plaintiff made the content contained therein exceedingly public through this action. The documents generally are (1) doctors' notes, opinions, evaluations, and other medical materials related to Plaintiff's knee injury and (2) communications and appeal papers related to Plaintiff's requests for treatment of the same. (ECF

Nos. 192-1, 192-2, 194-1, 194-2, 194-3, 194-4, 194-5, 194-6.) The Court notes that Plaintiff's social security number appears in several places. (*See, e.g.*, ECF No. 194-1, at 10, 60.) But the Court does not agree that the vast majority of the remaining content is sensitive when his knee injury—together with Plaintiff's attempts to get medical attention—is the centerpiece of this action. As this Court has previously stated, "[a]lthough the Court concedes that [Plaintiff] has some privacy interest in his medical records, that privacy interest is voluntarily compromised when he brings a lawsuit that necessarily concerns his medical condition and the treatment he received." *Hill*, 2016 WL 8925432, at *8 (prisoner case against same entity that defends here).

Given the public's strong interest in having access to the exhibits upon which the Court will evaluate summary judgment motions and Plaintiff's diminished interest in protecting information that forms the core of his claims, a restriction on public access is not warranted, and the Restriction Motions (ECF Nos. 191, 194, 196) are **DENIED**. Defendants may file appropriately redacted exhibits on or before the date their replies to their motions for summary judgment are due (April 4, 2019). Should Defendants fail to file such redacted documents on or before that date, the documents will become unrestricted—and thus open to public inspection— the following day. The Clerk shall maintain restriction of ECF Nos. 191, 194, and 196 until further order from the Court.

DATED this 14th day of May, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge