IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03084-RM-KLM

TIM GONZALES,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS, LLC, a Colorado corporation,
JENNIFER A. MIX, D.O., in her individual capacity, and
CORRECTIONS CORPORATION OF AMERICA a/k/a CoreCivic, Inc. d/b/a Bent County
Corrections Facility,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Attorneys' Fees and Costs Against Defendant CoreCivic Pursuant to Rule 37(a)(5)** [#206][1] (the "Motion"). Defendant CoreCivic filed a Response [#217] in opposition to the Motion [#206], and Plaintiff filed a Reply [#220]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#206] is **GRANTED in part**.

On August 13, 2018, Plaintiff served his First Set of Discovery on CoreCivic. The three requests relevant to the present Motion [#206] were as follows:

Request for Production No. 2: Please produce any documents relating to the

---

[1] "[#206]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

> PPMU's [i.e., "Private Prison Monitoring Unit"] audits of Defendant CoreCivic's facilities in Colorado, including any and all documents provided to the PPMU for those audits since April 2011.
>
> Request for Production No. 4: Please produce any and all documents relating to the provision of medical care from April 2011 to present in Defendant CoreCivic's facilities.
>
> Request for Production No. 5: Please produce copies of all medical necessity appeals submitted, and the responses received, in all of Defendant CoreCivic's Colorado facilities from April 2011 to present.

Defendant CoreCivic objected to these requests on the grounds that they were vague, overly broad, overly burdensome, sought irrelevant information which was not proportional to the needs of the case, and were not calculated to lead to the discovery of admissible evidence. Additionally, Defendant CoreCivic also objected to Requests 4 and 5 on the grounds that they sought highly confidential medical and private information about countless inmates.

Subsequent discussion between the parties to resolve these disagreements failed, and thus, on November 9, 2018, the Court held a discovery hearing. *See* [#177]. As a result, Defendant CoreCivic was ordered to respond to substantially revised and narrowed versions of Requests 2, 4, and 5. *See id.* at 1-2. On November 30, 2018, Defendant CoreCivic produced its Supplemental Response to Plaintiff's Requests for Production. Defendant CoreCivic produced some documents responsive to Request 2. Defendant CoreCivic also produced documents responsive to parts of Request 4, but objected to providing "documents relating to complaints made by patients or others relating to the provision of medical care" on grounds that the request, as modified, was still vague, overly burdensome, sought inadmissible evidence, and sought privileged medical and private information of inmates. Defendant CoreCivic also objected to Request 4 for "documents

relating to fines regarding medical services" on grounds of vagueness. In response to Request 5, Defendant CoreCivic continued to object on the same grounds set forth above, but in support submitted the affidavits of two employees with personal knowledge of Defendant CoreCivic's facilities concerning the processes that would be undertaken and the estimated resources to be expended producing the requested documents. These employees estimated it would take Defendant CoreCivic's staff 56-63 hours to produce Step 1 grievances at Bent County Correctional Facility ("BCCF") and Crowley County Correctional Facility ("CCCF") (part of Request 4), and up to 60-80 hours to produce the appeals letters (Request 5).

In the present Motion [#206], Plaintiff seeks an award pursuant to Fed. R. Civ. P. 37(a)(5) for fees and costs expended on these issues for the following period, i.e., between December 3, 2018, and January 23, 2019. *See also Reply* [#220] at 1. On December 12, 2018, Plaintiff's counsel sent a letter asserting certain deficiencies in the Supplemental Response, although also agreeing that his discovery requests should be further narrowed in several ways. First, Plaintiff revised Requests 4 and 5 to apply just to BCCF and CCCF, not all of Defendant CoreCivic's facilities in Colorado. Second, with respect to the request for "documents relating to complaints" under Request 4(a), Plaintiff's counsel modified the request to seek only Step 1 Grievances at these two facilities from April 2011 to present. Third, Plaintiff clarified that Request 4(c) was intended to mean "documents related to contractual remedies." However, Defendant CoreCivic asserts that Plaintiff's counsel also sought to expand the scope of Request 2, to require Defendant CoreCivic to produce eight new types of documents which were referenced in the PPMU reports, but not created by PPMU as part of the audit or even by CoreCivic in response to a concern raised in the audit

report.

In a December 21, 2018 letter to Plaintiff's counsel, Defendant CoreCivic's counsel agreed to produce certain documents and reiterated her concern that Plaintiff's continued reformulations of the discovery requests amounted to "trying to recommence the discovery process with all new discovery requests," given that the discovery deadline had expired in October 2018. With respect to Request 2, Defendant CoreCivic argued that requiring it to produce any documents referenced in the PPMU audits went beyond the reasonable meaning of "relating to PPMU audits," and further demonstrated how the revised request was vague and overly broad. Additionally, Defendant CoreCivic maintained that, even as narrowed, the significant burden of responding to Requests 4 and 5 did not outweigh the likely benefit under F.R.C.P. 26(b)(2)(C)(iii), and that the requests continued to seek privileged confidential information.

Plaintiff's counsel renewed his same objections to the responses to Requests 2, 4, and 5 in a letter dated December 28, 2018, and subsequently requested a second discovery hearing with the Court, which was held on January 23, 2019. The Court granted Plaintiff's Request 2 "as narrowed" and required Defendant CoreCivic to produce the additional categories of documents referenced in the PPMU audits. The Court also ordered Defendant CoreCivic to produce medical-related Step 1 Grievances at BCCF and CCCF, redacted for privilege, in response to Request 4 and appeals letters in response to Request 5. The Court noted, but did not hold, that the burden of producing these responses might outweigh any benefit. The Court ordered Defendant CoreCivic to tender an invoice regarding the cost to comply with the Order, and provided that Defendant CoreCivic could

file a written motion to shift costs to Plaintiff.[2]

Pursuant to Fed. R. Civ. P 37(a)(1), "a party may move for an order compelling disclosure or discovery." Pursuant to Fed. R. Civ. P. 37(a)(5)(A), "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Defendant CoreCivic does not contest the applicability of the first portion of Fed. R. Civ. P. 37(a)(5) but asserts that the two exceptions listed above apply here. *Response* [#217] at 7.

Regarding substantial justification, "[a] party is substantially justified in opposing discovery . . . if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *DCD Partners, LLC v. Albracht*, 17-mc-00007-CMA-KLM, 2018 WL 6061295, at *4 (D. Colo. Nov. 20, 2018) (internal quotation marks omitted). The test is objective, and no showing of bad faith is required. *Id.*

The Court has thoroughly reviewed the briefs and the entire audio recording of the January 23, 2019 discovery hearing. With respect to Request 4 and Request 5, the Court cannot find that Defendant CoreCivic's argument was not substantially justified. Although Defendant CoreCivic was ultimately unsuccessful, at minimum it made a colorable argument regarding undue burden, as evidenced by the Court's lengthy discussion with

---

[2] Such a motion has not yet been filed and is not at issue in the present Motion [#206].

counsel about the issue at the hearing. Accordingly, the Motion [#206] is **denied** with respect to Plaintiff's request for fees and costs in connection with Request 4 and Request 5.

With respect to Request 2, Plaintiff narrowed his request in a letter to Defendant CoreCivic's counsel on December 12, 2018. As the Court noted at the January 23, 2019 hearing, the scope of Request 2 clearly encompassed the documents at issue. Although the initial request may have been overly broad, by December 12, 2018, Plaintiff's counsel had voluntarily narrowed the request to a specific, manageable level of production. Thus, the Court granted this request in full at the hearing, noting that it could find "no legitimate reason" that the request should not be granted, as narrowed. *See* [#206-6] at 19-20. Accordingly, the Court cannot find that Defendant CoreCivic's argument after December 12, 2018, was substantially justified.

Pursuant to the third exception of Rule 37(a)(5)(A), a court may not order an award of fees and costs if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Advisory Committee to the 1970 amendment of Rule 37 explained that this exception gives the court "necessary flexibility" as the court "retains the power to find" that specific circumstances make an award of expenses unjust—"as where the prevailing party also acted unjustifiably." Here, the Court finds that no circumstances exist to make an award of expenses unjust with respect to Request 2. To the extent Defendant CoreCivic argues here that it "spent significant amounts of time deciphering what discovery would be responsive to these requests" and that the requests "have changed substantially from the discovery requests initially served on August 13, 2018," the Court has taken this into consideration in connection with the amount of fees granted below.

To determine a reasonable fee award,[3] the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983). *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)

---

[3] Defendant CoreCivic "does not address the excessive time included in Plaintiff's request, nor the excessively high rates sought for his generally inexperienced counsel." *Response* [#217] at 7 n.4. "Should the Court be inclined to grant any portion of Plaintiff's Motion, CoreCivic reserves its right to challenge and contest both." *Id.* The Court rejects this statement outright. Plaintiff's Motion [#206] appropriately prepared and included all of the necessary information pursuant to D.C.COLO.LCivR 54.3 against which Defendant CoreCivic was obligated to respond at the same time as it responded to all of Plaintiff's other arguments.

(*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

According to the billing records provided, three attorneys worked on this discovery dispute (Gail Johnson, Aurora Randolph, and Haley DiRenzo),[4] each at a rate of $220.50 for a total of 43.1 hours of requested time.[5] This creates a lodestar of $9,503.55. With respect to costs, Plaintiff's counsel assert a total of $346.16 for parking, travel, Westlaw fees, copy charges, and transcript fee. *See* [#206-2] at 5.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result

---

[4] Gail Johnson is the managing partner of Johnson & Klein, PLLC, and Aurora Randolph and Haley DiRenzo are associate attorneys at the same firm. *Decl. of Johnson* [#206-1] ¶¶ 2, 4.

[5] Counsel assert that they spent an additional 17.5 hours of time on this dispute for which they did not bill here. *Decl. of Johnson* [#206-1] ¶ 13.

must be reasonably related to the type and significance of issue in dispute). Here, the Court has considered a wide variety of factors in determining the amount of an award to Plaintiff, including, but not limited to, the history and timing of the various events underlying this dispute; the fact that all of Plaintiff's requests at the discovery hearing were granted but that only one of Defendant CoreCivic's defenses was not substantially justified; and which costs and fees would have been expended regardless even had only Request 2 been brought to the Court's attention for the January 23, 2019 hearing. Based on the undersigned's thirty-three years of combined private and judicial experience and careful consideration of the briefs and attached exhibits, the Court finds that payment of $2,094.62 for attorneys' fees and $326.15 in costs is reasonable here.

Accordingly, the Motion [#206] is **GRANTED in part**. Defendant CoreCivic shall pay Plaintiff's counsel $2,094.62 for attorneys' fees and $326.15 in costs within thirty days of entry of this Order.

DATED: April 26, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge